VANDENACK and another, Plaintiffs, v. CROSBY, d/b/a HEAVY DUTY WRECKER SERVICE, and another, Defendants: MUTUAL AUTOMOBILE INSURANCE COMPANY OF TOWN OF HERMAN, Interpleaded Defendant. [Four appeals.]

*January 7—February 3, 1959.*

For the plaintiffs there were briefs by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *E. L. Everson.*

For the defendants there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan.*

For the interpleaded defendant there was a brief by *Holden & Schlosser* of Sheboygan, and oral argument by *Wayne W. Schlosser.*

BROADFOOT, J.  The plaintiff George Vandenack contends that the trial court committed error in setting aside the apportionment of negligence fixed by the jury in that the court was unduly influenced by the decision in *Hephner v.*

*Wolf,* 261 Wis. 191, 52 N. W. (2d) 390, and for the further reason that the trial court failed to apply the rule that evidence is to be construed most favorably to sustain a jury verdict, and that quotations from the trial court's opinion on motions after verdict show a misunderstanding of the evidence or failure to consider evidence in the light most favorable to the verdict.

In its memorandum decision the trial court did refer to the *Hephner Case.* That was natural because the action had been tried in his court. It is true that one automobile accident case seldom, if ever, controls the decision in another as the facts are always different. However, some principles applied in prior cases may be given consideration.

We do not find that the trial court's memorandum decision shows any undue reliance on the *Hephner Case.* Nor do we find that the trial court misunderstood the facts or failed to apply the rule that evidence is to be construed most favorably to sustain the jury verdict. George Vandenack testified that he saw the red flashlight being waved by Peterson but paid no attention to it. Just prior to and at the time of the accident there were no other cars proceeding easterly or westerly upon the highway. Even though the inferences that plaintiff George Vandenack said the jury could draw from the evidence are taken as being true, still Vandenack was very negligent in failing to see the well-lighted truck in time to avoid the accident. He was driving a comparatively new car and he testified that he could stop within the distance he could see with his own lights at the speed at which he was going. His causal negligence with respect to lookout alone would compel a finding that he was equally negligent with the driver of the truck. The judgment, therefore, must be affirmed.

The defendants contend that Laura Vandenack was contributorily negligent as a matter of law and that she, as a matter of law, assumed the risk caused by George Vande-

nack's driving. They contend, therefore, that the trial court should have granted their motion to dismiss the complaint of Laura Vandenack or in the alternative to change the answers to certain questions in the verdict and then dismiss her complaint.

We have carefully checked the record and find that jury issues were presented as to the question of Laura Vandenack's contributory negligence and assumption of risk. There is evidence to sustain the jury verdict in those respects and we agree with the trial court's determination of those motions.

The defendants further contend that the excessive damages awarded by the jury show evidence of passion and prejudice on its part, partially as the result of improper argument made by the attorney for plaintiffs, and that they are entitled to a new trial on all issues.

Again a review of the record does not support their contention. A careful study of the record leads us to the conclusion that, although the damages were high, they were not excessive, and that the awards were not based on passion and prejudice. There was a sharp dispute with respect to the injuries of Mrs. Vandenack. It is clear that as a result of the accident she sustained a laceration upon the head, a cut over the left eye which required stitches and has left a scar; that she had five broken ribs and a severe sprain of the right hip. It was the opinion of her attending physician that she developed traumatic arthritis in the right hip due to the severe sprain and because of the hemorrhage which was caused by her injury. The defendants produced expert testimony to the contrary. There was testimony that Mrs. Vandenack had arthritis in both hips. The defendants' experts contended that if arthritis was shown, it was not traumatic in origin. Clearly this presented a jury issue. The jury had a right to believe the testimony of Mrs. Vandenack's attending physician and his testimony is a sufficient basis for a finding of $8,000 for damages for future pain, suffering, and dis-

comfort. Accordingly we do not agree with the trial court that the damages found by the jury were clearly excessive but on the contrary were within permissible limits.

After the trial the interpleaded defendant hired an investigator who watched Mrs. Vandenack upon a few occasions and took some pictures of her walking, climbing stairs, and getting into and out of an automobile. The investigator in his affidavits in support of motions after verdict, contended that he could not see that Mrs. Vandenack limped, although she had done so in the courtroom, and further that the pictures indicated that she had no limp. It is therefore contended that Mrs. Vandenack committed a fraud on the court and jury by limping around the courtroom and testifying to the trouble she had walking. The trial court did not find that any fraud had been committed or attempted. The trial judge was in a much better position to pass on this issue than we are. He saw Mrs. Vandenack and heard her testimony, and his determination thereon is affirmed. That part of the order directing the new trial is reversed. That will dispose of the appeal from the part of the order providing that costs abide the outcome of the new trial. In all other respects the order is affirmed.

*By the Court.*—Judgment affirmed. That part of the order directing a new trial is reversed. Cause remanded with directions to enter a judgment in favor of the plaintiff Laura Vandenack and against the defendant Yorkshire Indemnity Company in the amount of $5,000 and costs, and against the defendant Crosby for the sum of $7,500. The judgment shall further provide that the defendant Crosby have contribution against Mutual Automobile Insurance Company of the Town of Herman for the sum of $6,250 plus one half of the costs of the action.